UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Edgar Searcy**, # 04726-031, *aka Edgar Joe Searcy*,  Plaintiff,  vs.  **Federal Bureau of Prisons**; **Mildred Rivera**, Warden; **Carlos Brownlee**, Inmate; and **All Responsible Employees of Unknown Identification**, at Estill FCI,  Defendants. | C/A No. 6:07-3146-GRA-WMC  **Report and Recommendation** |

The plaintiff is an inmate at FCI-Estill. The plaintiff is serving a sentence of one hundred eighty (180) months as a career offender for a conviction of using interstate commerce (the internet) to engage in sexual activity with a minor. *United States v. Searcy*, 299 F. Supp. 2d 1285 (S.D. Fla. 2003), *affirmed*, 418 F.3d 1193 (11th Cir. 2005), *cert. denied*, *Searcy v. United States*, 163 L.E.2d 918, 126 S.Ct. 1007 (2006). The district court in Florida granted the government's motion for an upward departure (on the basis that the plaintiff was a recidivist) and sentenced the plaintiff to the maximum of one hundred eighty (180) months.

The opinions in *United States v. Searcy* at both the district court and circuit court level indicate that the plaintiff has prior convictions (relating to sexual activity with minors) in Kansas and Florida. *See also Searcy v. Simmons*, 299 F.3d 1220, 1222 (10th Cir. 2002) (noting that in January of 1997, the petitioner pled *nolo contendere* to sexual

exploitation of a child and was sentenced to sixty-five months in prison).  The State of Kansas had attempted to commit the plaintiff as a sexual predator, but was unable to do so because the State of Kansas had not tried the plaintiff within the sixty-day deadline of the plaintiff's waiver of a probable cause hearing.  *In the Matter of the Care and Treatment of Edgar J. Searcy*, 274 Kan. 130, 131, 49 P.3d 1, 3 (2002) (noting that the plaintiff's Florida convictions arose out of two separate marriages where the plaintiff molested step-daughters in each marriage).

   The United States District Court for the Middle District of Florida dismissed with prejudice a suit by the plaintiff against the Microsoft Corporation and the America on Line Corporation for failure to state a claim upon which relief can be granted.  *See Edgar Searcy v. Microsoft Corporation*, 2005 WESTLAW® 1163114 [no LEXIS® citation available] (M.D. Fla., May 4, 2005), where the plaintiff sought damages for use of a software device that surreptitiously records a computer user's internet and e-mail activities and stores them on the computer.  The district court in Florida also relied on Eleventh Circuit case law allowing a district court to take into account prior litigation in dismissing a questionable claim, and noted that the plaintiff had brought twenty-two (22) federal cases and had been involved in thirty-one (31) cases as a named party.  *Searcy v. Microsoft Corporation*, 2005 WESTLAW® 1163114, at * 3 & nn. 14-15.[1]

---

[1]All of the cases listed by the United States District Court for the Middle District of Florida in *Searcy v. Microsoft* were filed prior to the enactment of the Prison Litigation Reform Act (PLRA) in 1996.  Hence, it cannot be determined whether the plaintiff has "struck out" under the PLRA.

## *Background of this Case*

The plaintiff alleges that he was attacked by another inmate on August 18, 2007, and sustained serious injuries. The plaintiff appears to be raising a claim of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (prison officials have duty to protect prisoners from violence "at the hands of other prisoners"). The plaintiff has brought suit against the Federal Bureau of Prisons, the Warden of FCI-Estill, the inmate who attacked him, and "All Responsible Employees of Unknown Identification."

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint and the plaintiff's Answers to Court's Special Interrogatories pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S. Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Inmate Carlos Brownlee (BOP # 47469-019), who allegedly attacked the plaintiff, is entitled to summary dismissal. Carlos Brownlee is not subject to suit under 42 U.S.C. § 1983 or the *Bivens* doctrine[4] because he has not acted under color of state or

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

[4]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit
(continued...)

federal law. In order to state a cause of action under 42 U.S.C. § 1983 or under the *Bivens* doctrine, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). *See also Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

---

(...continued)
statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow,* which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See  Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

5

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law (or federal law), his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[5] As a result, Inmate Brownlee is entitled to summary dismissal.

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A *Bivens* action may not be brought against agencies or departments of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). Hence, the Federal Bureau of Prisons is entitled to summary dismissal.

With respect to Warden Rivera and the "All Responsible Employees of Unknown Identification," the above-captioned case is subject to summary dismissal

---

[5]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

because the plaintiff has not exhausted his administrative remedies in the Federal Bureau of Prisons. In his Answers to the Court's Special Interrogatories (Entry No. 6) and in his supplemental information (Entry No. 11), the plaintiff reveals that he did not file a Form BP-9. As a result, this case, insofar as the plaintiff's deliberate indifference claim and other civil rights claims are concerned, is subject to summary dismissal for failure to exhaust federal prison remedies. See 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 531 U.S. 956 (2001); and *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000).

The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq.*, and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. See 18 U.S.C. § 3625. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. See 28 C.F.R. § 542.10, which was cited in *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986).

The plaintiff can begin the process of administratively exhausting his administrative remedies by filing a formal grievance with the Warden of his prison (using a Form BP-9). See 28 C.F.R. § 542.13(b); and *Hernandez v. Steward*, 1996 U.S.Dist. LEXIS® 18076, 1996 WESTLAW® 707015 (D. Kan., November 27, 1996) (federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court).[6]

---

[6]In *Hernandez v. Steward,* the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> The case comes before the court on the government's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and the
> 
> (continued...)

(...continued)
government's motion to grant its motion to dismiss as uncontested (Dk. 18). By minute order filed October 23, 1996, (Dk. 20), the court gave the plaintiff until November 15, 1996, to file a response in accordance with D. Kan. Rules 7.1 and 7.6. The court also cautioned the plaintiff that "[i]f a response is not timely filed, the court may consider and decide the defendants' motion to dismiss as an uncontested motion." (Dk. 20). The plaintiff has not filed a response within the time provided.

The defendants seek dismissal arguing the plaintiff has not exhausted the administrative remedies available to inmates confined in correctional facilities operated by the federal Bureau of Prisons. *See* 28 C.F.R. Part 542. The Prison Litigation Reform Act, signed into law on April 26. 1996, Pub. L. No. 104-132, amended 42 U.S.C. § 1997e making it mandatory that a prisoner exhaust his administrative remedies. [FN1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[FN1. The Prison Litigation Reform Act took effect three days before the plaintiff filed this action.]

In his complaint, the plaintiff declares under penalty of perjury that he exhausted his administrative remedies and that he "filed what they called informal remedy which is BP, 8, 9, and 10 and they never replaid (sic) to" him. (Dk. 2 p. 3). The plaintiff does not attach copies of any forms he says were "filed." The plaintiff's conclusory assertion is not enough to demonstrate exhaustion within the meaning of § 1997e(a).

Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative

(continued...)

When the Warden of FCI-Estill has issued her determination on the plaintiff's formal grievance, only the first step of the formal administrative process has been

---

(...continued)
remedies until he has appealed through all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied,* 116 S. Ct. 112 (1995).

The declaration of Robert Bennett, the administrative remedy coordinator at the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural grounds pursuant to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.

Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

Hernandez v. Steward, 1996 WESTLAW® 707015 at *1-*2.

completed. Hence, the plaintiff must appeal the Warden's determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary, will have to appeal to the Office of General Counsel. 28 C.F.R. § 542.15. *See also Williams v. O'Brien*, 792 F.2d at 987. The plaintiff "has no alternative but to comply" with these administrative procedures. *Williams v. O'Brien*, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; and *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005).[7]

Although the plaintiff appears to have taken the first step for filing a federal tort claims action, *see* Entry No. 6,[8] by filing a Standard Form 95 with the Regional Office

---

[7] The decision of the Supreme Court in *Jones v. Bock*, 75 U.S.L.W. 4058, 166 L.Ed.2d 798, 127 S.Ct. 910 (2007)., does not require that process be issued in the above-captioned case. The complaint in *Jones v. Bock* contained both exhausted and unexhausted civil rights claims. In the above-captioned case, none of the civil rights claims raised by the plaintiff are exhausted.

[8] An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986), which is cited in *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

of the Federal Bureau of Prisons (in Atlanta), the above-captioned case is still subject to summary dismissal.  Even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the Federal Bureau of Prisons is entitled to summary dismissal on the basis of sovereign immunity.  A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees.  *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975).[9]  Moreover, there is no indication that the plaintiff has received a formal response to his tort claim from the Regional Office of the Federal Bureau of Prisons.[10]  When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court.  28 U.S.C. § 2401(b).  The plaintiff will be able to bring a tort claims action against the United States when the Federal Bureau of Prisons issues a formal decision on his tort claim filed with the Regional Office of the Federal Bureau of Prisons.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See*

---

[9] The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations.  Litigants must strictly comply with the requirements of the FTCA.  *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979).  The administrative claim must be submitted in writing within two (2) years after the claim accrues.  28 U.S.C. § 2401(b).

[10] When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court.  28 U.S.C. § 2401(b).

*Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  Since the Federal Bureau of Prisons has sovereign immunity in a suit filed pursuant to the *Bivens* doctrine, this case is encompassed by 28 U.S.C. § 1915A.  Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The plaintiff's attention is directed to the Notice on the next page.

October 26, 2007  
Greenville, South Carolina

WILLIAM M. CATOE  
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).