UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edgar Searcy, # 04726-031, | ) | C/A No.:6:07-cv-3146-GRA |
| aka Edgar Joe Searcy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Federal Bureau of Prisons; Mildred | ) | |
| Rivera, Warden; Carlos Brownlee, inmate;) | | |
| and All Responsible Employees of | ) | |
| Unknown Identification, at Estill FCI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on a review of the magistrate's Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d),

D.S.C. Edgar Searcy (Plaintiff) originally filed his complaint on September 18, 2007,

under 42 U.S.C. § 1983. The magistrate filed the Report and Recommendation on

October 26, 2007.  Plaintiff filed objections on November 8, 2007.

<u>Background</u>

The magistrate articulated the plaintiff's complicated litigation history as

follows:

> The plaintiff is an inmate at FCI-Estill. The plaintiff is
> serving a sentence of one hundred eighty (180) months as
> a career offender for a conviction of using interstate
> commerce (the internet) to engage in sexual activity with a
> minor. *United States v. Searcy*, 299 F. Supp. 2d 1285
> (S.D. Fla. 2003), *affirmed*, 418 F.3d 1193 (11th Cir.
> 2005), *cert. denied*, *Searcy v. United States*, 163 L.E.2d

918, 126 S.Ct. 1007 (2006). The district court in Florida granted the government's motion for an upward departure (on the basis that the plaintiff was a recidivist) and sentenced the plaintiff to the maximum of one hundred eighty (180) months.

The opinions in *United States v. Searcy* at both the district court and circuit court level indicate that the plaintiff has prior convictions (relating to sexual activity with minors) in Kansas and Florida. *See also Searcy v. Simmons*, 299 F.3d 1220, 1222 (10th Cir. 2002) (noting that in January of 1997, the petitioner pled *nolo contendere* to sexual exploitation of a child and was sentenced to sixty-five months in prison). The State of Kansas had attempted to commit the plaintiff as a sexual predator, but was unable to do so because the State of Kansas had not tried the plaintiff within the sixty-day deadline of the plaintiff's waiver of a probable cause hearing. *In the Matter of the Care and Treatment of Edgar J. Searcy*, 274 Kan. 130, 131, 49 P.3d 1, 3 (2002) (noting that the plaintiff's Florida convictions arose out of two separate marriages where the plaintiff molested stepdaughters in each marriage).

The United States District Court for the Middle District of Florida dismissed with prejudice a suit by the plaintiff against the Microsoft Corporation and the America on Line Corporation for failure to state a claim upon which relief can be granted. *See Edgar Searcy v. Microsoft Corporation*, 2005 WESTLAW® 1163114 [no LEXIS® citation available] (M.D. Fla., May 4, 2005), where the plaintiff sought damages for use of a software device that surreptitiously records a computer user's internet and e-mail activities and stores them on the computer. The district court in Florida also relied on Eleventh Circuit case law allowing a district court to take into account prior litigation in dismissing a questionable claim, and noted that the plaintiff had brought twenty-two (22) federal cases and had been involved in thirty-one (31) cases as a named party. *Searcy v. Microsoft Corporation*, 2005 WESTLAW® 1163114, at * 3 & nn. 14-15.[1]

FN1 All of the cases listed by the United States District Court for the Middle District of Florida in *Searcy v. Mircrosoft* were filed prior to the

enactment of the Prison Litigation Reform Act (PLRA) in 1996. Hence, it cannot be determined whether the plaintiff has "struck out" under the PLRA.

*R. & R.* at 1-2.

The immediate suit arises out of a recent physical altercation. On August 18, 2007, the plaintiff alleges that he was attacked by another inmate, Defendant Carlos Brownlee. The plaintiff is suing Brownlee and each agency and official involved in the oversight of the facility where the altercation took place.

### Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Therefore, this Court will liberally construe any pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*,

454  U.S. 364, 365 (1982).

**<u>Discussion</u>**

First, the plaintiff objects that the magistrate "fail[ed] to recognize mandatory

regulations that exhaust administrative remedies by its terms." *Pl's Objs* at 1.  Plaintiff

argues that the notice the BOP provides to inmate litigants pursuant to 28 C.F.R. §

542.10(c) of statutorily mandated procedures for specific types of claims is

tantamount to a final response by the BOP.  Since the BOP issued this notice to the

plaintiff, he argues that he received a final response from the BOP and, therefore, he

exhausted his administrative remedies.  Plaintiff misunderstands the purpose of 28

C.F.R. § 542.10(c).

The text of 28 C.F.R. § 542.10(c) reads:

> **(c)  Statutorily-mandated  procedures.**  There  are
> statutorily-mandated procedures in place for tort claims (28
> CFR part 543, subpart C), Inmate Accident Compensation
> claims (28 CFR part 301), and Freedom of Information Act
> or Privacy Act requests (28 CFR part 513, subpart D). If an
> inmate raises an issue in a request or appeal that cannot be
> resolved through the Administrative Remedy Program, the
> Bureau  will  refer  the  inmate  to  the  appropriate
> statutorily-mandated procedures.

The purpose of this federal regulation is to notify a plaintiff, that attempts to file a

grievance under the BOP's Administrative Remedy Program,  that the particular *type*

of claim they are making is preempted by other federal procedures. Reference to another administrative rubric—such as that provided by the Federal Tort Claims Act (FTCA)—is not an admission that the administrative procedure provided by the BOP is exhausted, but rather inapposite. After such notice, the plaintiff must re-file his complaint within the appropriate administrative scheme and exhaust his administrative remedies there.

In the immediate case, the plaintiff was directed to the appropriate administrative scheme for his claim, the FTCA. He filed a Form 95 in accordance with the FTCA's procedures, but Plaintiff does not make a showing that his claim has been fully processed. *R. & R.* at 10-11. Therefore, this objection is without merit because the plaintiff has not exhausted the administrative remedies provided by the FTCA for his federal tort claim.

Second, Plaintiff objects that the magistrate erred by finding that the Administrative Procedures Act (APA) does not apply to inmates in the BOP. Plaintiff argues that the D.C. Circuit, the Seventh Circuit, and other courts have established jurisdiction under 5 U.S.C. § 707 over inmates' claims. Section 3625 of Title 18 of the United States Code clearly states that the APA does not apply to prisoners. 18 U.S.C. § 3625. Upon thorough examination of the plaintiff's lengthy citations, this Court finds that none of the cases the petitioner cites support his proposition. *See Walker v. Washington*, 627 F.2d 541 (D.C. Cir. 1980)(employment law case); *Howard v. Mutual of Omaha Cos.*, 992 F.2d 706 (7th Cir. 1993)(employment law case);

*Howard v. Ashcroft*, 248 F. Supp. 2d 518 (M.D. La. 2003) (finding prisoner's administrative remedies were exhausted due to futility).  Therefore, the plaintiff's objection is without merit.

Third, Plaintiff objects that magistrate erred by finding that the BOP is entitled to dismissal on the basis of sovereign immunity.  The magistrate recommended dismissing the BOP because, "A suit under the [FTCA] lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees."  *R. & R.* at 11. Plaintiff argues that the BOP waived its sovereign immunity in 5 U.S.C. § 702 and that *Steinbach v. Federal Bureau of Prisons*, 339 F. Supp. 2d 628 (D. N.J. 2004), recognizes this waiver.  These objections are without merit because the plaintiff seeks pecuniary damages.  "Section 702 only waives the government's sovereign immunity for certain actions against a federal agency seeking *non-monetary relief*." *Granse v. United States*, 932 F. Supp. 1162, 1167 (D. Minn. 1996). Likewise, *Steinbach* is irrelevant because it found that he BOP waived its sovereign immunity for causes of action arising under 28 U.S.C. § 1361 seeking injunctive action, not causes of action arising under 42 U.S.C. § 1983 seeking pecuniary damages.  339 F. Supp. 2d at 630. Therefore, the plaintiff's objection is without merit.

Finally, the plaintiff objects that this Court has jurisdiction over the plaintiff's state law claim against Brownlee via 28 U.S.C. § 1367; therefore, the magistrate's recommendation for dismissal of this claim for lack of jurisdiction was in error.  *Pl's*

*Objs* at ¶¶ A & E.    The magistrate recommended dismissing the plaintiff's claim against Brownlee because it found that "Brownlee is not subject to suit under 42 U.S.C. § 1983 or the *Bivens* doctrine." *R. & R.* at 4.    The plaintiff's objections make it clear that he was attempting to sue Brownlee under a state cause of action, not 42 U.S.C. § 1983.    The plaintiff's complaint was entitled: "Tort Claim and Supplemental Pendant State Claim Including Review of an Agency Action." *Compl.* at 1.    Given the liberal construction this Court must afford to the plaintiff's *pro se* pleadings, this Court will also construe the plaintiff's claim against Brownlee as a state law claim.    But, considering this Court is, through this Order, dismissing all of the "claims over which it has original jurisdiction," this Court declines to exercise supplemental jurisdiction over the plaintiff's state law claim.    28 U.S.C. § 1367(c).

## Three Strikes

Beyond dismissing this claim, the magistrate recommended that this dismissal be deemed a strike for purposes of 28 U.S.C. § 1915(g).    This would constitute the plaintiff's third[1] strike within this Court.    *See Searcy v. Skinner*, No.: 6:06-cv-01418, 2006 WL 1677177 (D.S.C. June 16, 2006); *Searcy v. Inmate Paletz*, No.:6:07-cv-01389, 2007 WL 1875802 (D.S.C. June 27, 2007).    To support this recommendation the magistrate states:

---

[1]    The Court also notes that the dismissal in *Searcy v. Microsoft Corporation*, 2005 WL 1163114 (M.D. Fla., May 4, 2005), could have easily constituted a strike under § 1915(g); however, that court did not expressly deem the dismissal a strike.    Therefore, this Court will not count it as such.

> Since the Federal Bureau of Prisons has sovereign immunity
> in a suit filed pursuant to *Bivens* doctrine, this case is
> encompassed by 28 U.S.C. § 1915A. Hence, I also
> recommend that the above-captioned case be deemed a
> s"strike" for purposes of the "three strikes" rule of 28
> U.S.C. § 1915(g).

*R. & R.* at 12. The magistrate, therefore, recommends deeming this dismissal a strike

because it falls within the gambit of the § 1915A(b)(2) not § 1915A(b)(1).

The relevant provisions of § 1915A(b) state:

> **(b) Grounds for dismissal.**--On review, the court shall
> identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim upon
>> which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is
>> immune from such relief.

The magistrate relies on the latter subsection to justify his recommendation. This Court

finds this distinction to be significant.

The language of § 1915(g), the actual three strikes provision, does not include

this language. Section 1915(g) states in whole:

> **(g)** In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this section
> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed
> on the grounds that it is *frivolous, malicious, or fails to
> state a claim upon which relief may be granted*, unless the
> prisoner is under imminent danger of serious physical injury.

In *Green v. Young*, the Commonwealth of Virginia argued that dismissal for failure to

exhaust remedies should be constituted a strike under § 1915(g) because "dismissal

on exhaustion grounds should be viewed as the equivalent of a dismissal on grounds of frivolousness." 454 F.3d 405, 408 (4th Cir. 2006). The Fourth Circuit disagreed. The court stated:

> The PLRA's three-strikes provision by its terms applies only if a prisoner has had three prior actions dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted." 28 U.S.C.A. § 1915(g). Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute. Congress created the exhaustion requirement in the section of the PLRA immediately preceding the three-strikes provision, but Congress nonetheless declined to include a dismissal on exhaustion grounds as one of the types of dismissals that should be treated as a strike. Accordingly, we must honor Congress's deliberate omission from § 1915(g) of dismissals for failure to exhaust and conclude that a routine dismissal for failure to exhaust administrative remedies does not count as a strike under § 1915(g).

*Id.* at 409. Like exhaustion of remedies, the language of § 1915A(b)(2) is not included in the list provided by § 1915(g). Applying the logic of *Green*, this Court considers this an "intentional omission" by congress. *Id.* at 408. Therefore, this Court finds that dismissal under § 1915A(b)(2) for "seek[ing] monetary relief from a defendant who is immune from such relief" does not constitute a strike for purposes of § 1915(g). *Green,* 454 F.3d at 409.

Though this Court does not deem the instant dismissal a strike, it is important to note that the *Green* opinion does *not* limit this Court's discretion to deem patently frivolous and malicious complaints as § 1915(g) strikes. The *Green* court stated:

We note, however, that our conclusion is limited to what we have referred to as "routine" dismissals for failure to exhaust-typically dismissals arising in cases where the prisoner's claims have been presented to a court for the first time. Nothing in this opinion should be understood as limiting a district court's discretion in non-routine cases, where evidence of frivolousness or malice exists beyond the mere fact that exhaustion has not been obtained. For example, if a district court dismisses a complaint on exhaustion grounds and the prisoner, without exhausting his remedies, files another complaint seeking relief for the same conduct alleged in the original complaint, the district court could conclude that the second complaint was frivolous or malicious and thus qualifies as a strike under § 1915(g). This is but one example, and there may well be other situations where the circumstances would warrant treating as a strike a dismissal of an action filed by a prisoner who did not first exhaust his administrative remedies. Routine dismissals based solely on the fact that exhaustion has not occurred, however, do not qualify as strikes under § 1915(g).

*Id.* at 409-10.  Therefore, this Court does not deem the instant dismissal a strike.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's recommendation, as modified by this Order, to dismiss the instant complaint.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 6, 2007
Anderson, South Carolina

<u>NOTICE OF RIGHT TO APPEAL</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.